**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FRANK PIERRO,                       :
                                    :   Civil Action No. 05-1263 (WJM)
           Petitioner,              :
                                    :
     v.                             :        **O P I N I O N**
                                    :
R. DAVID PARRISH, et al.,           :
                                    :
           Respondents.             :
_____:

**APPEARANCES:**

Frank Pierro, <u>Pro</u> <u>Se</u>
#419686/716151A
Bayside State Prison
P.O. Box 597
Hammonton, NJ 08037

Linda K. Danielson
Deputy Attorney General
Office of the Attorney General
Appellate Bureau
P.O. Box 086
Trenton, NJ 08625
Attorney for Respondents

**MARTINI, District Judge**

   Petitioner, Frank Pierro, filed the within petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed an Answer.  The Court has considered all submissions.  For the reasons set forth below, the Petition will be denied.

**BACKGROUND**

1. <u>Factual Background</u>

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, <u>see</u> 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation:

> Scott Ressler's home was burglarized on the evening of July 23, 1999.  The first floor bathroom window had been broken, and a rock and glass lay on the floor.  Among the missing items were over $5,000 worth of jewelry and Ressler's social security card, two credit cards, boating safety certificate, and library card.
>
> Four days later, on the evening of July 27, 1999, the home of Eswar and Jyotsna Phadia was burglarized while they were sleeping.  They lived three blocks from Ressler.  A neighbor heard glass breaking, saw someone on the Phadia's back porch, and summoned the police, who arrived within minutes.  Two officers, Worell and McDermott, positioned themselves at opposite corners of the home.  Worell heard a voice from inside the house.  A window opened on the side of the house, and a man leaped out and began running toward McDermott, who, with the aid of a flashlight, was able to see the man's face.  As the man ran away, the police gave chase, but were unable to keep up.  The man ran past another neighbor, Anthony Giampapa.  The area was well lit, and Giampapa got a good look at the man's face.  The police called the Sheriff's K-9 unit, which arrived about twenty minutes later.  Within about ten minutes, one of the K-9 dogs located defendant, who was sweating profusely and hiding in a fetal position under a nearby bush.  Giampapa was brought to the scene, where he positively identified defendant as the man who had just run past him.  Later that evening at police headquarters, McDermott, who had been hurt in the chase, positively identified defendant as the man who had run toward him after jumping out of the Phadia's window.  Entry into the Phadia's home had been achieved by breaking the first floor bathroom window with a rock, which was found on the floor.  Money was stolen,

>     $350 from Jyotsna's pocketbook, and $2000 in new $100
>     bills from an envelope in an upstairs dresser.  When
>     the police arrested defendant, they found $2354 in his
>     wallet, $2000 of which, separated from the other
>     currency, was in new $100 bills.  Under his body they
>     found a Social Security card, two credit cards, a
>     boating safety certificate, and a library card - all in
>     the name of Scott Ressler.

(R4; State v. Pierro, A-5514-00T2 (Nov. 15, 2002), pp. 3-4).

2.  Procedural History

On November 30, 1999, a Passaic County Grand Jury indicted Petitioner on four counts, including: third-degree burglary, contrary to N.J.S.A. 2C:18-2 (Ressler burglary) (count one); third-degree theft, contrary to N.J.S.A. 2C:20-3 (Ressler) (count two); third-degree burglary, contrary to N.J.S.A. 2C:18-2 (Phadia burglary) (count three); and fourth-degree theft, contrary to N.J.S.A. 2C:20-3 (Phadia) (count four).

Petitioner's motion to sever for trial the counts regarding the Ressler burglary from the Phadia burglary was denied.  On March 23, 2000, Petitioner's motion to proceed pro se was granted and the trial judge appointed standby counsel.  After other pretrial motions, included a renewed motion to sever, Petitioner was tried by jury from February 13, 2001 to February 21, 2001 in the Superior Court of New Jersey, Law Division, Passaic County ("Law Division").  The jury found the petitioner guilty on all counts.  On May 4, 2001, Petitioner was sentenced to an aggregate sentence of 15 years imprisonment with 7 ½ years of parole ineligibility.

Petitioner filed an appeal, and his convictions and sentence were affirmed on November 15, 2002 by the Superior Court of New Jersey, Appellate Division ("Appellate Division"). On January 30, 2003, the New Jersey Supreme Court denied Petitioner's petition for certification.

Sometime around December, 2003, Petitioner filed a petition for post-conviction relief ("PCR"). On February 4, 2004, the petition was denied by the Law Division. On December 3, 2004, the Appellate Division affirmed the denial. On February 16, 2005, the New Jersey Supreme Court denied certification.

The instant petition was filed on March 3, 2005. On April 8, 2005, Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). On June 13, 2005, Respondents filed an Answer and the state court record.

### DISCUSSION

**A.   Petitioner's Claims.**

Petitioner asserts seven arguments for habeas relief: Grounds One through Four assert that Petitioner was denied a fair trial due to the improper decision of judge denying severance of the burglary trials; Ground Five asserts that the verdict was against the weight of the evidence; Grounds Six and Seven assert claims that the State failed to disclose favorable evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). See Petition for Writ of Habeas Corpus, ¶ 12.

4

Petitioner has raised the instant claims before the New Jersey state courts. Therefore, they are properly before this Court for a decision on the merits. See 28 U.S.C. § 2254(b)(1).

**B.   Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

5

>determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1).  The Court analyzed subsection 1 as two clauses:  the "contrary to" clause and the "unreasonable application" clause.  The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id.</u>  A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief.  <u>See</u> <u>id.</u> at 411; <u>see also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000),

6

cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir.), cert. denied, Matteo v. Brennan, 528 U.S. 824 (1999).  Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record.  See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001). In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations. See id.  Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence.  See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)).  "A finding that is well-supported and subject to the presumption of correctness is not unreasonable."  Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

Furthermore, federal habeas courts ordinarily refrain from revisiting credibility determinations as "it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on habeas review." Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). A habeas petitioner therefore "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.   Petitioner's Claims Regarding Severance (Grounds One through Four).**

Petitioner argues in Grounds One through Four of his Petition that the trial court's denial of his motion to sever was erroneous and denied him a fair trial.

The Appellate Division rejected Petitioner's claim in its written opinion affirming the conviction. First, explaining

Petitioner's grounds for the motion for severance, the Appellate Division stated:

> On February 9, 2001, defendant personally renewed his motion for severance, this time on the ground that he had important testimony to give concerning the second incident and a strong need to refrain from testifying as to the first.  He did not indicate the nature of the testimony he proposed to give on the second incident.  However, since he testified at trial, we now know what it is, as well as what he had to say about the first incident, which was simply that he was not in Wayne on that night.  He argued that if the first incident were tried separately, he would not testify because the evidence against him was weak.  Although he said he did not want to be subjected to cross-examination in that case, he did not give as a reason that his criminal record would then come before the jury.  Rather, his argument was based on the assumption that the circumstances of the second incident, where the evidence of his guilt was strong, would not come before a jury by way of cross-examination in a trial limited to the first incident.  The trial judge denied defendant's motion.

(R4 at pp. 6-7).  The Appellate Division held that, under New Jersey law, joinder was appropriate in Petitioner's cases.  (R4 at p. 8).  The Appellate Division then examined whether severance was necessary to avoid undue prejudice.  Again analyzing New Jersey law, the Appellate Division found that admission of the second incident evidence would have been warranted in a trial of the first incident.  (R4 at p. 9).  The Appellate Division also found that in a trial of the second incident, the evidence of the stolen items from the first incident (which were found on or near Pierro's person at the time of his apprehension) could be admissible because "a jury could believe that defendant had two

distinct motives for attempting to hide that evidence: not only to separate himself from the first burglary, but also to decrease the likelihood of an arrest for the second burglary based on suspicions raised by his possession of another's identification, particularly someone whose nearby home was burglarized recently, a fact which the police might well know." (R4 at p. 10). The Appellate Division held that:

> Given the erroneous assumption underlying defendant's severance request, and his failure to argue that he wanted to avoid testifying on the first incident to keep his criminal record from the jury, we are satisfied that the trial court's determination was well within the ample discretion afforded on this issue.

(R4 at p. 13).

In reviewing Petitioner's claim, this Court finds that the state court's ruling was based solely on state law and state rules of procedure and evidence. Generally, matters of state procedural law are not reviewable in a federal habeas petition. The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). This is generally true even where the state court incorrectly applied state law. Id. at 71. Rather, a federal habeas claim will lie only where a state court determination violated some federally protected right. Id. at 68. The Third Circuit likewise stated:

> Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.

Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992); see also Smith v. Zimmerman, 768 F.2d 69, 73 (3d Cir. 1985)("a 'mere error of state law' is not a denial of due process").[1]

Here, it is plain that Petitioner was not denied due process or another federally protected right. The record clearly indicates that the trial judge had ample discretion in whether to sever any of the counts, and that the court correctly applied state law and rules of evidence in determining that Petitioner was not prejudiced by the joinder of the counts involving the burglary incidents, because these offenses could have been admissible in a trial of the either charge. The Appellate Division decision also supports this finding.

Therefore, Petitioner has failed to establish any due process violation in the trial court's denial of his motion for severance and he is not entitled to federal habeas relief on this

---

[1] Moreover, "joinder of offenses has long been recognized as a constitutionally acceptable accommodation of the defendant's right to a fair trial." Herring v. Meachum, 11 F.3d 374, 377 (2d Cir. 1993), cert. denied, 511 U.S. 1059 (1994); see also United States v. Lane, 474 U.S. 438, 446 n.8 (1986).

11

ground. Further, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, these grounds for a writ of habeas corpus will be denied.

**D.     Petitioner's Claim Regarding the Verdict Against the Weight of the Evidence (Ground Five).**

Petitioner argues that the verdict was against the weight of the evidence because the incidents were not severed for trial, and because the jury was not impartial because it did not review evidence independently.

A claim that the jury's verdict was against the weight of the evidence is "essentially a matter of state law, and does not raise a federal constitutional question unless the record is completely devoid of evidentiary support in violation of Petitioner's due process." Douglas v. Hendricks, 236 F. Supp.2d 412, 435-36 (D.N.J. 2002)(Walls, J.)(citation omitted). A writ should not issue unless "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 436 (citations omitted); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard must be applied "with explicit

12

reference to the elements of the criminal offense as defined by state law."  Jackson, 443 U.S. at 324, n.16; see also Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997), cert. denied, 522 U.S. 1059 (1998).  As noted above, state court factual determinations are presumed to be correct.  See Werts v. Vaughn, 228 F.3d 178, 186 (3d Cir. 2000).

The Appellate Division rejected Petitioner's claim that the verdict was against the weight of the evidence, stating that it was "without sufficient merit to warrant discussion in a written opinion."  (R4 at p. 14).

In this case, it cannot be said that no rational factfinder could find Petitioner guilty beyond a reasonable doubt.  Various officers and witnesses were able to identify Petitioner, and Petitioner was found after a foot chase, near the homes of the victims, in possession of the victims' missing items.  Although Petitioner testified at trial with a differing version of events, the jury obviously did not find his version credible, and found him guilty of the crimes as charged.

This Court can ascertain no constitutional violation. Further, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, this ground for a writ of habeas corpus will be denied.

### E. Petitioner's Claims Regarding *Brady* Violations (Grounds Six and Seven).

Petitioner claims in Ground Six that he had made a motion for discovery regarding K-9 training, etc., and that he was not provided anything until the day before the K-9 officer testified, at which time he was handed five large books that he was permitted to review only during recesses and in the courtroom. In Ground Seven, Petitioner argues that his conviction was unconstitutional because the trial judge refused to grant his motion for a postponement to review the K-9 books provided the day before the K-9 officer's testimony. The Appellate Division found this argument to be without merit. (R4 at p. 14).

The prosecution in a criminal matter has a constitutional obligation to disclose exculpatory evidence to the defendant. See Brady v. Maryland, 373 U.S. 83 (1967); Giglio v. United States, 405 U.S. 150, 154 (1972) ("A finding of materiality of the evidence is required under Brady."). Exculpatory evidence is considered material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Strickler v. Greene, 527 U.S. 263, 280 (1999) (quoting United States v. Bagley, 473 U.S.

14

667, 682 (1985)). Nondisclosure merits relief only if the prosecution's failure "'undermines confidence in the outcome of the trial.'" Kyles v. Whitley, 514 U.S. 419, 434 (1995) (quoting Bagley, 473 U.S. at 678).

Here, a review of the record indicates that Petitioner was able to review the discovery before cross-examining the K-9 handler. Also, Petitioner utilized the discovery in his cross-examination. Moreover, in light of the substantial evidence of the circumstances of the crime, including the several eye-witnesses and his possession of the proceeds of both burglaries, it cannot be said that the failure to disclose the discovery any sooner was material, that the discovery was exculpatory, or that further review of the discovery by Petitioner would have resulted in the jury acquitting Petitioner. Thus, Petitioner is not entitled to relief on this claim.

Additionally, Petitioner's claim that he should have been granted a postponement to review the discovery does not rise to the level of a due process violation, as "the matter of continuance is traditionally within the discretion of the trial judge . . . ." Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Habeas relief on the ground that the trial court refused to grant a postponement will only be granted if Petitioner shows that the denial was so arbitrary as to deny due process, and that the denial of the postponement actually prejudiced his defense. See

15

Burton v. Renico, 391 F.3d 764, 772 (6th Cir. 2004), cert. denied, 126 S. Ct. 353 (Oct. 3, 2005).  In this case, Petitioner has shown neither – he was not prejudiced by the timing of the discovery.

This Court can ascertain no constitutional violation.  Further, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Accordingly, these grounds for a writ of habeas corpus will be denied.

## **CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.


                                   s/William J. Martini
                              _____
                                   WILLIAM J. MARTINI
                              United States District Judge

Dated: 2/1/06